WALLACE, JUDGE:
Tne claimants and the respondent have filed a written stipulation indicating that in 1958 the West Virginia Department of Highways, formerly the West Virginia State Road Commission, in the construction of the West Virginia approach to the New Martinsville, West Virginia Bridge to the State of Ohio made substantial cuts and excavations into the hillside above and east of the approach, which hillside is adjacent to the property of the claimants. This activity by the respondent initiated a landslide which continued and extended into the area of the property of the claimants. The excavations by the respondent caused movement beneath and around the dwelling of the claimants causing considerable damage to their home and property.
*196 The claimants experienced cracking and movement in the foundation of their home and surrounding earth. Attempts to repair the damages failed. In 1971 the claimants purchased other land and removed their house to the new location.
On January 16, 1976 the claimants filed their claim with this Court for damages to their house and lot.
The respondent in defense of this claim contended that so much of the claim that represented damages sustained more then two years prior to the filing of the claim is barred by the statute of limitations. Chapter 55, Article 2, Section 12 of the Official Code of West Virginia, 1931, as amended provides in part as follows:
“Every personal action for which no limitation is otherwise prescribed shall be brought: (a) within two years next after the right to bring the same shall have accrued, if it be for damage to property;...”
The Court is of the opinion that the statute of limitations does not run where there is a continuing and intermittent trespass to real estate, but under the provisions of the statute there can be no recovery for damages sustained more than two years prior to the filing of the claim. Damages to the home of the claimants were sustained more than two years prior to this action and are thus not recoverable.
While, as indicated above, the home of the claimants was moved to a new lot, the claimants still retain ownership to the subject lot which was and still is being damaged. This damage is continuing and the statute of limitations does not bar claimants from recovering this damage.
Appraisals were filed with the stipulation on behalf of the claimants and the respondent in respect to this damage. It was stipulated that the fair and equitable estimate of the damages sustai ed to the claimants’ lot is $2,500.00. The Court, believing that liability exists on the part of the respondent and the damages are reasonable, an award of $2,500.00 is directed in favor of the claimants.
Award of $2,500.00.